UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MO YUONG KANG<br><br>Defendant | ) Criminal No.  25cr10349<br>)<br>) Violations:<br>)<br>) Counts One-Four: Wire Fraud; Aiding and<br>) Abetting<br>) (18 U.S.C. §§ 1343 and 2)<br>)<br>) Wire Fraud Forfeiture Allegation:<br>) (18 U.S.C. § 981(a)(1)(C) and<br>) 28 U.S.C. § 2461)<br>) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. The defendant, MO YUONG KANG (KANG), was a resident of Woburn, and Dracut, Massachusetts. KANG was a full-time Industrial Hygienist with the Occupational Safety and Health Administration (OSHA), an agency of the United States Department of Labor (DOL), from June 2016 until July 2023.

2. The Massachusetts Division of Unemployment Assistance (DUA) was a state agency located in Boston, Massachusetts that administers unemployment benefits programs in the Commonwealth of Massachusetts.

1

3.    In the Commonwealth of Massachusetts, unemployment insurance (UI) benefits are funded by the UI Trust Fund, which is comprised of federal funds, as well as monies obtained by state-imposed taxes on employers. DUA is responsible for administering the UI program in Massachusetts.

4.    The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. The CARES Act created a new temporary federal unemployment insurance program called pandemic unemployment assistance (PUA). PUA provided unemployment benefits for individuals who were not eligible for UI or other types of unemployment (*e.g.*, individuals who were self-employed, independent contractors, gig economy workers). All COVID-19 UI claims, and PUA claims, were eligible to receive additional monies and additional benefit weeks from temporary federal programs created by the CARES Act. Eligibility for PUA claims was verified against quarterly earnings reports of W-2 wage earners provided by employers to the Commonwealth of Massachusetts.

5.    Along with the UI program, the DUA administered and managed the PUA program in Massachusetts. CARES Act program monies were received by the DUA into a People's United bank account in Connecticut from the United States Treasury. The monies paid to the claimants for these programs were transmitted via interstate wire communications from Connecticut to the claimant's designated bank account or the bank account for a Bank of America pre-paid debit card.

6.    To receive PUA benefits, Massachusetts claimants were required, as applicable, to (i) create an online account to submit the application (also known as PUA registration); (ii) provide eligibility criteria; (iii) provide the reason(s) for unemployed status (*e.g.*, how COVID-19 affected

employment); and (iv) certify that all the statements in the application were true, among other things. PUA claims submitted online to the DUA were processed via a server in Colorado.

7.    To continue to receive weekly PUA or UI benefits, as applicable, claimants were required to submit weekly certifications online to the DUA that confirmed whether or not the applicant (i) worked during the weekly reporting period; and (ii) received any income during the weekly reporting period. Weekly certifications submitted online to the DUA were also processed via a server in Colorado. It was material to the DUA that it received truthful, complete, and accurate information from applicants in the PUA registration, UI application, weekly certifications, and eligibility verification process, so that PUA and UI funds were disbursed to qualified and eligible recipients.

Scheme to Defraud the DUA

8.    Beginning in or around April 2020, and continuing until at least in or around September 2021, in the District of Massachusetts and elsewhere, KANG devised a scheme to defraud, and to obtain PUA benefits, by filing a false and fraudulent application and weekly certifications with the DUA.

9.    The purpose of the scheme was for KANG to obtain PUA payments under false and misleading pretenses, including false statements about his weekly income and weekly employment status.

10.    KANG's compensation from OSHA was approximately $86,667 in 2020, and approximately $90,738 in 2021.

11.    On or about April 20, 2020, KANG caused an online application to be submitted for PUA benefits (the PUA Registration). After certifying that his statements were truthful and accurate, and acknowledging that his statements were made under the penalty of perjury and that

3

he could be subject to criminal prosecution, (i) KANG checked the box stating that he was "self employed, an independent contractor, or a gig worker and COVID-19 has severely limited my ability to perform my normal work" and (ii) KANG stated that the first date that he was accordingly impacted by COVID-19 was March 7, 2020.

12.     In his PUA Registration, KANG stated that he was not able and available to work during the period from March 8, 2020 to April 18, 2020, and KANG denied earning in excess of $89 in any work week between March 8, 2020 and April 18, 2020:

> Did you have earnings in excess of $89.00 in any work week between 08-Mar-2020 and 18-Apr-2020?
>
> | Yes | No |
> |---|---|

13.     Following the submission of his PUA Registration, KANG submitted weekly certifications (the Weekly Certifications) to the DUA for weeks ending March 7, 2020 through September 4, 2021, claiming that he did not work and did not receive any income during those weekly periods. For example, KANG submitted the following Weekly Certification for the week ending March 7, 2020:

> **Earnings and Other Income**
>
> Did you work or telework between Sunday, March 1, 2020 and Saturday, March 7, 2020? This includes both full-time and part-time employment.
>
> | Yes | No |
> |---|---|
>
> Did you receive any other income between Sunday, March 1, 2020 and Saturday, March 7, 2020? This includes holiday pay, sick pay, and vacation pay.
>
> | Yes | No |
> |---|---|

14.     Based upon KANG's PUA Registration and KANG's Weekly Certifications for the weeks ending March 7, 2020 through September 4, 2021, KANG received PUA payments totaling $45,868, which payments were sent via direct deposit payments to KANG's Bank of America checking account.

4

15.    KANG knew that his PUA Registration and Weekly Certifications for the weeks ending March 7, 2020 through September 4, 2021 were false because KANG earned weekly salary from the DOL well in excess of $89 per week for each of the weekly work periods ending March 7, 2020 through September 4, 2021.

COUNTS ONE - FOUR
Wire Fraud; Aiding and Abetting
(18 U.S.C. §§ 1343 and 2)

The Grand Jury charges:

16.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-15 of this Indictment.

17.    On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

MO YUONG KANG,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | September 27, 2020 | The Weekly Certification for the Week Ending September 26, 2020, caused to be electronically submitted by KANG, in Massachusetts, and routed interstate through servers outside of Massachusetts. |
| 2 | September 30, 2020 | DUA wire transfer of $292 to KANG's account at Bank of America. |
| 3 | August 22, 2021 | The Weekly Certification for the Week Ending August 21, 2021, caused to be electronically submitted by KANG, in Massachusetts, and routed interstate through servers outside of Massachusetts. |
| 4 | August 25, 2021 | DUA wire transfer of $592 to KANG's account at Bank of America. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

6

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

18.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One through Four, the defendant,

MO YUONG KANG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following assets:

    a.    $45,868, to be entered in the form of a forfeiture money judgment.

19.    If any of the property described in Paragraph 18, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 18 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

7

Case 1:25-cr-10349-BEM    Document 1    Filed 08/26/25    Page 8 of 8

A TRUE BILL

FOREPERSON

KRISTINA E. BARCLAY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts:    August 26    , 2025
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo

DEPUTY CLERK
                                        at 11:22 AM

8